Voto disidente emitido por el
Juez Presidente Señor Hernández Denton, al cual se unen la Jueza Asociada Señora Fiol Matta y la Juez Asociada Rodríguez Rodríguez.
Mediante la moción de reconsideración presentada en el caso de autos, la Procuradora General nos solicita que dejemos sin efecto la decisión emitida por este Tribunal mediante opinión y sentencia el pasado 16 de septiembre de 2009, Pueblo v. Díaz De León, 176 D.P.R. 913 (2009). En aquella ocasión nos vimos obligados a disentir por entender que la norma sobre la disponibilidad del recurso de certiorari adoptada por la mayoría se aparta de la normativa que este Tribunal desarrolló y que estuvo vigente en Puerto Rico por más de medio siglo. Expresamos, además, nuestra preocupación con los efectos nocivos que tendrá la nueva norma sobre la capacidad del Estado para procesar a las personas imputadas con delitos. Véase Pueblo v. Díaz de León, supra, opinión disidente. En virtud de que hoy la mayoría deniega la moción de reconsideración de la Procuradora General, nuevamente disentimos.
En su muy bien fundamentado escrito, la Procuradora General aduce que el problema del nuevo criterio adoptado por el Tribunal radica en que, contrario a lo que asegura la mayoría, la vista preliminar en alzada no es un remedio adecuado para revisar una determinación de no causa probable en la vista original. En este sentido, argumenta que *396 si el magistrado determina no causa en la vista original a base de alguna cuestión de derecho, como por ejemplo el alcance de alguna disposición del Código Penal que no haya sido interpretada aún por este Tribunal, esa decisión nunca se revisaría si en la vista en alzada, que es una vista nueva y distinta, se determina no causa por una cuestión de hecho, como por ejemplo, la suficiencia de la prueba. En ese caso, debido a que las determinaciones de no causa por cuestiones de hecho no son revisables, se quedaría sin resolver el asunto de derecho que fundamentó la determinación de no causa en la vista original. Ello privaría al Estado de una oportunidad vital para, no sólo revisar las decisiones basadas en cuestiones de derecho, sino lograr procesar efectivamente a aquellos que infrinjan la ley. Esta segunda consecuencia, arguye la Procuradora General, tiene a su vez el potencial efecto de permitir que innumerables crímenes serios resulten impunes.
Por tales razones, la Procuradora General expone que el Tribunal debió concentrarse en determinar cuál sería el remedio adecuado en ley para revisar la determinación de no causa en la vista original, no en la procedencia del recurso de certiorari en estos casos. En apoyo de su argumento, la Procuradora General ilustra el razonamiento del Tribunal con un silogismo. A tales efectos denomina como premisa mayor la aseveración “[e]l certiorari sólo procede cuando no hay otro remedio adecuado en ley” y como premisa menor que “[ajnte una determinación de no causa probable en la vista original, el fiscal siempre tiene un remedio adecuado en la vista en alzada”. Moción de reconsideración, pág. 8. La conclusión forzosa de dichas premisas, que fue la que en efecto adopta este Tribunal, consiste, en palabras de la Procuradora General, en que “no procede el certiorari para revisar una determinación de no causa probable en la vista original”. Según la Procuradora General, el verdadero problema radica en la premisa menor —en qué es un remedio adecuado para revisar una determina *397 ción de no causa en la vista original— y no en la premisa mayor, es decir, en cuándo procede un certiorari.
Coincidimos plenamente con los argumentos de la Procuradora General y nos reiteramos en que la vista preliminar en alzada no es el remedio adecuado para revisar una determinación de no causa basada en una cuestión de estricto derecho. No obstante, más allá de reafirmar lo que expusimos anteriormente, hoy disentimos para recalcar que la decisión de la mayoría no sólo reduce significativamente la probabilidad de que cuestiones de derecho importantes sean revisadas en los foros apelativos, sino que también limita sustancial e irrazonablemente la capacidad del Estado para procesar a aquellos que violen la ley.
A tales efectos, en la opinión disidente que emitimos anteriormente en este caso, expresamos que la nueva norma establecida por la mayoría “le quita al Ministerio Público una herramienta de acceso directo a los foros apelativos para cuestionar los errores de derecho que se hayan cometido en urna determinación de no causa probable en la vista preliminar”. Pueblo v. Díaz de León, supra, opinión disidente. Señalamos también que mediante la decisión de la mayoría “se le impone una carga onerosa al Estado para llevar los casos ante los tribunales del país”. Id. Por último, en esa ocasión apuntamos al hecho de que esta carga se le impone al Estado en momentos en que el auge en la criminalidad es una realidad innegable. Nos sorprende, pues, que la misma mayoría que en Pueblo v. Díaz, Bonano, 176 D.P.R. 601 (2009), invocó el interés del Estado en combatir la criminalidad para modificar el alcance del derecho de intimidad consagrado en nuestra Constitución, hoy declina reconsiderar su decisión, y rechaza el señalamiento de la Procuradora General de que se ha estrechado injustamente el ámbito de remedios a disposición del Ministerio Público y que ello, inevitablemente, redundará en que innumerables crímenes queden impunes.
*398 Contrario al proceder de la mayoría, reconsideraríamos la opinión emitida por el Tribunal en este caso y restableceríamos la norma sobre la disponibilidad del certiorari para revisar cuestiones de estricto derecho sin necesidad de agotar el mecanismo de una vista preliminar en alzada. Por ende, disentimos.